UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
AT WHITE PLAINS

```
_____X
                                      )
In re:                                )        Chapter 13
      ELENA DROZNIK                   )
            DEBTOR                    )        Case No: 15-22167-rdd
                                      )
-----------------------------------------------X
      ELENA DROZNIK                   )
            DEBTOR /MOVANT            )
      v                               )        MOTION
                                      )
      NATIONSTAR MORTGAGE LLC         )
            CREDITOR/ RESPONDENT      )
_____X
```

**DEBTOR'S MOTION PURSUANT TO 11 U.S.C. SECTION 506(A)
AND BANKRUPTCY RULE 3012 TO DETERMINE THE VALUE OF
SECURITY AND CREDITOR'S ALLOWED SECURED CLAIM**

### Introduction

This is a Motion brought by the Debtor pursuant to 11 U.S.C. Section 506(a) and Rule 3012 of the Federal Rules of Bankruptcy Procedure to determine the value of the interest of the Respondent in the residential real estate of the Debtor and determine the amount of the allowed secured claim of the Respondent.

### Jurisdiction

1.  The Debtor alleges that this is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable federal law.

2.  The Debtor further allege that this Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code,

### The Base Case and Parties

3.  The underlying Chapter 13 bankruptcy case was commenced by the filing of a Chapter 13 voluntary petition with the Clerk of this Court on February 4, 2015.  The Debtor filed her Chapter 13 Plan on or about February 18, 2015.

1

      4.     An Order for Relief under the provisions of Chapter 13 of Title 11 of the United States Code was duly entered by this Court upon the filing of the petition.  This order served to invoke the provisions of Section 362(a) of Title 11 of the United States Code.  The Debtor is informed and believes and therefore alleges that the Respondent received actual notice of the filing of this case and also received a copy of the Debtor's proposed Chapter 13 Plan.

      5.     The 341(a) meeting of creditors was held on or about April 22, 2015, in White Plains, New York.

      6.     On or about March 17, 2015, the Respondent filed a secured proof of claim in the amount of $462,433.12.

      7.     On or about April 10, 2015, the Respondent filed an objection to confirmation of the plan in this case.

      8.     The Respondent is, upon information and belief, an entity engaged in the business of mortgage servicing in the State of New York, and which maintains a principal place of business in some state other than the State of New York.

## Factual Allegations

      9.     The Debtor filed a previous Ch 7 case (with counsel other than the undersigned firm) on April 3, 2014 assigned case number 14-22435(rdd).  Said Ch 7 case was discharged on October 8, 2015.

      10.    By virtue of the discharge there is no debt owed to Respondent, however, there remains a lien in the property which is the subject of this motion.

      11.    In the schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, a disputed debt was listed in favor of Nationstar Mortgage, LLC (hereinafter "Nationstar") allegedly secured by a first mortgage on the debtor's property located at .  The Debtor allege that such property is not subject to the anti-modification provisions of Section 1322(b) (2) of the Bankruptcy Code since it is not the Debtor primary residence.

      12.    As per Schedule A of the Debtor's petition, the Debtor is the owner of a vacant lot 14 Youmans Drive, Spring Valley, NY 10977 (the "Property").  The property is where the Debtor's family home once stood prior to burning down a few years ago, prior to filing.

      13.    The Debtor alleges that at the time she filed her bankruptcy petition and at the present time the value of her interest in the said real estate is limited to its appraised value of $85,000.00.  A copy of the paid appraisal is attached hereto as Exhibit A.   The Debtor alleges that this is the value that was listed in Schedule A filed with her bankruptcy case.

      14.    The Debtor' interest in the real estate is subject to a lien arising out of a first mortgage allegedly securing a mortgage note allegedly owned and/or serviced by Respondent Nationstar in the amount of the proof of claim on file, $462,433.12.

15. The Debtor alleges that pursuant to 11 U.S.C. Section 1322(b)(2) and 11 U.S.C. Section 506(a), the value of Nationstar's secured claim and lien should be valued at the appraised value of $85,000.00.  any would-be unsecured claim was discharged in the Debtor's prior Chapter 7 case.

16. The $85,000.00 secured lien will be paid over the 5 year terms of the debtor's Chapter 13 plan as proposed.

17. Such treatment is consistent with 11 U.S.C. 1322(b)(2) because the property is essentially a vacant lot and is not the Debtor' residence.

**WHEREFORE,** the Debtor respectfully pray of the Court as follows:

A. That this Court determine that the secured claim on the business property of the Debtor should be valued at the tax value of $85,000;

B. That the $85,000 secured lien be paid over the 5 year terms described in the Debtor's Chapter 13 plan;

C. That the Debtor have such other and further relief as to the Court may seem just and proper.


Dated this the 12th day of October, 2015.

/s/ Linda M. Tirelli
GARVEY, TIRELLI & CUSHNER, LTD
Attorneys for the Debtors(s)
Westchester Financial Center
50 Main Street, Suite 390
White Plains, NY 10606
(914)946-2200